BOLIN, Judge.
On June 29, 1972, plaintiff was a passenger in his own automobile which was *407 involved in a head-on collision with a ve-hide driven by Mrs. W. T. Neuvander and insured by the Reliance Insurance Company. Plaintiff’s son was the driver of his father’s car at the time of the accident. Plaintiff, alleging the accident aggravated a torn medial meniscus of his left leg, sued Mrs. Neuvander and her insurer for damages. Defendants have not denied the accident was caused solely by the negligence of Mrs. Neuvander. For written reasons the trial judge found plaintiff had failed to prove the accident aggravated his previous condition and denied recovery. From a formal judgment signed in accordance with this opinion, plaintiff appeals. We affirm the judgment of the lower court.
Plaintiff was a city mail carrier, which occupation required him to walk many miles each day. In early 1971 he began having pain and stiffness in his left knee. On May 11, 1971 he consulted Dr. J. L. Zum Brunnen, an orthopedist of Shreveport, who tentatively diagnosed his trouble as being a torn medial meniscus and instructed him to stay off his feet for a while and to use cratches. Plaintiff used the crutches for only a few days and resumed work. On June 3, 1971 he was again examined by Dr. Zum Brunnen who concluded that it was “extremely probable that plaintiff had a torn medial meniscus,” and he recommended surgery but plaintiff refused the operation and continued working. The doctor did not see or hear from plaintiff again until July S, 1972, which was six days following the automobile accident.
Plaintiff testified he was uncertain whether his left knee was injured in the accident. Dr. Zum Brunnen testified plaintiff’s knee was not swollen or bruised, and that the condition of his knee was essentially the same as when he last examined him on June 3, 1971. He again recommended surgery on the knee but plaintiff again refused and continued his duties as a postman.
The crucial issue is whether plaintiff has borne the burden of proving he received injuries in the automobile accident which aggravated the preexisting condition of his left knee. On this issue the trial judge found:
“It is the opinion of this court that plaintiff has not borne the burden of proof to show that he is any worse off today than he was previous to the accident. For this reason, an aggravation has not been proven. I see no difference between the finding of the doctor before the accident which resulted in his recommending an operation and his finding after the accident where he continued to recommend the operation. This fact, together with the eight-months lapse of time between the accident and the date of the trial without loss of work compels me to find that the aggravation has not been proven by preponderance of the evidence.”
From our review of the record we find the trial judge’s opinion is correct and accordingly the judgment is affirmed at appellant’s cost.